Pearson, J.
 

 The equity of the plaintiffs is put upon two grounds : That Pickett, the principal debtor, is entitled to an equitable set-off, by reason of an amount due him, in right of his wife, by the defendant, as executor of her father, and the plaintiffs, as sureties, are entitled to have the benefit of this set-off. In the seeond place, that by the proceedings in Georgia, it is judicially ascertained and declared, that the debt in question has been “ fully paid off and satisfied” by Pickett, and it is thereupon decreed, that the defendant be perpetually enjoined from proceeding further against the said Pickett in respect to the debt.
 

 If the plaintiffs had proved the existence of the supposed equitable set-off as between Pickett and the defendant, there could be no question as to their right to have the benefit of it. But in respect to such proof, there is an entire failure, and this Court cannot make the declaration, which is essential to their equity, to wit, that the defendant, as executor, has in his hands, or is chargeable with a fund, in which Pickett is entitled to share. The answer denies that after payment of debts, &c., there is any residue subject to distribution, and the plaintiffs, instead of asking for a reference to have an account stated, which is necessary, according to the course of the court, whenever the object is to settle an estate, and ascertain the existence of a fund, rely upon the verdict and decree in the proceeding in Georgia, for the purpose of establishing that allegation. The proceeding in Georgia is a bill in equity by Pickett, against the defendant, in which it is alleged that the defendant, as executor of the father of Pickett’s wife, has in his hands, or is chargeable with, a residuary fund, in which Pickett is entitled to a share ; that such share is of an equal or greater amount than the debt sued for, and the prayer is
 
 *131
 
 for an account, that Pickett may have the portion of the residuary fund, to which he is entitled, applied in satisfaction of the debt, and that the defendant be enjoined from the further prosecution of the action at law. An answer is filed, in which the defendant denies that there is any residuary fund in his hands, or with which he is chargeable, and aver-s that after paying the debts, &c., the assets of the estate of his testator are exhausted, leaving a balance due to him for commissions, &c. The proceeding then, sets out a
 
 verdict
 
 and a
 
 decree
 
 in favor of the plaintiff.
 

 Laying no stress upon the fact, that no account is stated, which ought to have been done according to the course of a court of equity, and that a j ury is unfit to deal with a matter of account, which involves a complicated settlement of an estate ; and laying no stress on the further fact, that the verdiet and decree go beyond the allegations of the bill, and find that the debt has been
 
 fully
 
 paid, in which there is a variance, for the bill does not allege a payment, but simply an equitable set-off, this Court is opinion that the verdict'and
 
 decree
 
 are not admissible as evidence on the part of the plaintiffs, in this suit, because they were not parties, and the rule
 
 resinter alios acta
 
 applies. So, that the proceeding in Georgia, cannot be used as evidence, either for or against them, in reference to the truth of the facts therein found or declared.
 

 Upon the second ground, insisted on in support of the plaintiffs’ 'equity, the decree is evidence of its own existence; and the question is, what is its legal effect as between the parties to this suit ?
 

 It is urged, that as the defendant is enjoined from collecting the debt out of Pickett, it would be an indirect violation of the injunction, if he collects it out of the plaintiffs, who are his sureties, and that it is an anomalous state of things for a creditor to be at liberty to collect a debt out of the sureties, when he has no right to collect it out of the principal. The suggestion is plausible, but it is fallacious. The principal is protected because, in
 
 his suit
 
 against the creditor he was able, in some way, to establish the allegation, of an equitable set-off
 
 *132
 
 or of payment in full, and if the sureties,
 
 in their suit
 
 against the creditor, could establish either of these facts, they would be protected in like manner. But they are unable to establish either of these facts, and consequently have not entitled themselves to the like protection, and their inability to do so, proves that, although as between the principal and the creditor, these facts are to bo taken as true, yet, in point of fact,
 
 they are not
 
 true, and the creditor is not estopped as against the sureties by the former proceeding, to which they were not parties. “ Estoppels must be mutual, and bind only parties and privies.” Eor the sake of illustration: suppose one of two joint and several obligors is sued, and the plea of payment is found in his favor, afterwards the other obligor is sued, and pleads payment by the obligor who is first sued, and in support of the plea, offers no proof but the verdict and judgment in the former action ; it is certain such evidence is not admissible as to the truth of the fact alleged, and it is equally certain, that in the absence of proof, the issue must be found against him, and he will have the money to pay, notwithstanding the fact of the verdict and judgment in favor of his co-obligor; in other words, as he was not a party to the first action, he is not bound by it, nor is he entitled to the benefit of the event of that suit; under the rule
 
 res inter alios acta.
 

 Per Curiam, Bill dismissed.